ROCHESTER H. ROGERS, SOLE SURVIVING EXECUTOR OF THE WILL OF CLINTON ROGERS, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41239. Promulgated January 13, 1931.

*Albert S. Lisenby, Esq.*, and *Wm. T. Plumb, Esq.*, for the petitioner.

*J. A. Lyons, Esq.*, for the respondent.

**OPINION.**

TRAMMELL: The only issue in this proceeding is whether the transfers made by the decedent to his children on May 26, 1924, were made in contemplation of death. The meaning of the phrase " in contemplation of death," as well as the effect of the statutory burden imposed on the petitioner by the presumption that such transfers were made in contemplation of death, has been discussed by us in various cases and no useful purpose would be served by repeating such discussions here. Bearing in mind throughout our consideration that the burden is upon the petitioner to establish facts sufficient to overcome the statutory presumption and the respondent's determination, we are of the opinion that the preponderance of the evidence supports

the petitioner and affirmatively shows that the gifts were not made in contemplation of death. We have, therefore, found as a fact that the transfers were not made in contemplation of death. The value of 1,000 shares of the stock of the Eastman Kodak Co. should, therefore, be excluded from the gross estate.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

LANSDON, SMITH, and ARUNDELL dissent.